**NOT FOR PUBLICATION**

**FILED**

JAN 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  19-30098 |
| Plaintiff-Appellee, | D.C. No.<br>9:15-cr-00011-DLC-1 |
| v. | |
| DAN CALVERT WALLEN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted June 2, 2020
Portland, Oregon

Before:  BERZON, COLLINS, and VANDYKE, Circuit Judges.
Concurrence by Judge VANDYKE

This is the second appeal from a district court order affirming Defendant Dan

Calvert Wallen's conviction.  We have jurisdiction under 28 U.S.C. § 1291.  We

reverse and remand.

Wallen shot three adolescent grizzly bears.[1]  After a bench trial, the

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Because the parties are familiar with the facts, we recite them here only as necessary.

magistrate judge found Wallen did not act in self-defense and convicted him on three counts of unlawfully taking a threatened species. The district court affirmed the conviction. On the first appeal this court determined the magistrate judge incorrectly applied an *objective* good faith standard instead of a *subjective* good faith standard when analyzing whether Wallen acted in self-defense. *United States v. Wallen*, 874 F.3d 620, 632 (9th Cir. 2017). The case was remanded.

Wallen was tried again, on the same record, before the same magistrate judge. This time, the magistrate judge rejected his self-defense claim on the basis that "Wallen's lack of credibility and inconsistent statements *demonstrate* that he did not in good faith believe shooting the bears was necessary to protect himself or his family." *United States v. Wallen*, 2018 WL 3360766, at *6 (D. Mont. July 10, 2018) (emphasis added). Wallen was convicted on all three counts a second time. The district court affirmed Wallen's conviction. This appeal followed.

On appeal from the district court's order affirming a misdemeanor conviction, we perform a second tier of appellate review, and we apply to the magistrate judge's decision the same standard used by the district court, but without any deference to the district court's conclusion. *See* Fed. R. Crim. P. 58(g)(2)(D). We review the magistrate judge's legal conclusions de novo, as the prior Ninth

Circuit panel did in the earlier appeal.[2] *See Wallen*, 874 F.3d at 623.

Here, the magistrate judge erred by determining that Wallen's lack of credibility *alone* was dispositive and rendered other evidence concerning his good faith irrelevant. Specifically, after concluding that Wallen lacked credibility, the magistrate judge improperly disregarded other relevant evidence because that "evidence is not relevant to Wallen's credibility." *Wallen*, 2018 WL 3360766, at *6. That was error. *See Wallen*, 874 F.3d at 632 ("We emphasize that, although the ultimate question is whether a defendant held a subjective good faith belief, the objective reasonableness (or unreasonableness) of a claimed belief bears directly on whether that belief was held in good faith."). The magistrate judge committed legal error by expressly disregarding other evidence that was relevant to the objective reasonableness of Wallen's claim of self-defense—and therefore to his subjective belief—just because it wasn't relevant to his credibility. The magistrate judge should have considered whether, despite Wallen's credibility issues, this other evidence raised a reasonable doubt as to his subjective good faith.

Reviewing the sufficiency of the evidence de novo, we conclude that there is sufficient evidence to convict. *See United States v. Clavette*, 135 F.3d 1308, 1311 (9th Cir. 1998). Wallen's original account to the investigator on the night of the

---

[2] While the precise standard of review we apply to the magistrate judge's findings of fact in a case like this is not settled law in this circuit, we do not reach the magistrate judge's factual determinations because this case turns on a legal error.

3

shootings—that "he had found a single bear eating chickens in his coop and fired two shots to frighten it away" and that "the bear was walking away as he fired," *Wallen*, 874 F.3d at 624—is enough to constitute sufficient evidence for a rational fact finder to conclude that he shot the bear to frighten it away from eating his chickens, not because he perceived himself or his family to be in immediate danger. *See Jackson v. Virginia*, 443 U.S. 307, 318–19 & n.8 (1979). And the many changes in Wallen's story, *see Wallen*, 874 F.3d at 633; *see also Wallen*, 2018 WL 3360766, at *2–3, could surely support a rational fact finder's conclusion that the story Wallen told at trial, in which first two and then one bears charged him, in separate instances, when he fired, *see id.* at *3, was not true, undermining the likelihood that he harbored the relevant subjective belief that he needed to shoot the bears to protect himself or others from imminent harm. *See Wallen*, 874 F.3d at 628, 632.

The magistrate judge's narrow legal error was to treat the well-supported adverse credibility finding as dispositive, rejecting other evidence—for example, the perceptions of Wallen's wife—only as not pertinent to Wallen's *credibility*, without considering whether it was still pertinent to Wallen's subjective belief. *See Wallen*, 2018 WL 3360766, at *6. On remand, the trier of fact could not convict based on an adverse credibility finding without then completing the analysis by connecting that finding to the elements of the good faith defense, including taking

4

account of evidence as to Wallen's state of mind other than his own statements.

**REVERSED** and **REMANDED**.

*United States v. Wallen*
19-30098

VANDYKE, Circuit Judge, concurring.

I agree with the memorandum disposition, including its conclusion that there is sufficient evidence to convict Wallen on this record. I write separately because of a pragmatic concern unique to this case, its procedural history, and the fact that Wallen is not entitled to a jury trial on remand under our precedent.

In sharp contrast to the extremely demanding beyond-a-reasonable-doubt burden of proof that the trier of fact is required to apply in convicting a criminal defendant, the sufficiency-of-evidence standard that we apply on appeal *after* conviction is a relatively easy standard to meet because of the appropriate deference allowed once someone has already been convicted—usually by a jury of his peers. In ordering remand for legal error when a *jury* will be the finder of fact, there is little risk that the court of appeals' sufficiency determination will be misinterpreted or somehow misapplied by a new jury as a license to simply reconvict the criminal defendant without properly applying the demanding legal standard or fully considering all the relevant facts in the case. But when, like here, a *judge* is sitting as a finder of fact, there is a practical risk that the judge might, perhaps even unconsciously, take our sufficiency conclusion as a license to summarily reconvict the defendant on remand and thus fail to give the criminal defendant the full process demanded by our laws and Constitution.

That would obviously be improper, but the case history here gives me special concern for that possibility. As I read Judge Christensen's most recent decision in this case, he properly considered objective evidence as evidence of good faith and he properly said that credibility cannot independently serve as a basis to meet the government's burden of proof. Judge Christensen observed "that the threat to Wallen and any family present during the encounters was likely immediate, that Wallen did not provoke the conflict with the bears, and that the amount of force Wallen used ... was not excessive." *United States v. Wallen*, 2019 WL 1858393, at *4 (D. Mont. Apr. 25, 2019). He also said, "the record clearly reflects that [Wallen] was reasonably fearful." *Id.* at *5. But then Judge Christensen put too much weight on the magistrate judge's credibility finding—much like the magistrate judge's legal error noted by the majority—and he "significant[ly]" relied on a misstatement of fact.[1] *See id.*

Given this case's history and multiple remands, I don't think it hurts to emphasize what should be obvious: if Wallen is retried for a third time, the trier of

---

[1] The government misspoke by telling the district court and our court that on the night of the bear shooting, Wallen never said that he was fearful, felt threatened, or that his family was threatened by the bears when he shot them. The record shows that the local game warden repeatedly testified that Wallen told him on the night of the shooting that "he was afraid of [the bears]" and afraid for "[h]is children and the neighbors that were playing in the yard." In his review of the magistrate judge's decision, Judge Christensen relied on the government's misstatement as a "significant" reason for his decision affirming Wallen's conviction.

fact must rigorously apply the demanding standard of proof for a criminal defendant, and not simply rely on our sufficient evidence determination as a license to summarily reconvict him.